KENDALL *v.* HILL.

Notice by the lessee of a store to the lessor that he has sold his stock of goods, with a request that the rent bills should thereafter be made against the purchaser, is not sufficient to terminate the tenancy without the assent of the lessor.

CLARK, J. This is an action for use and occupation. A referee found generally for the defendant, and reported the following facts: In November, 1883, the defendant purchased a stock of goods in a store owned by the plaintiff in Chicopee, Massachusetts, and leased the store of the plaintiff by parol, at a rental of $400 a year, payable in monthly payments at the end of each month, and occupied it by himself or his agents until May 1, 1884, when he sold the goods then in the store to his daughter, Mrs. Kenyon, who continued the business with the same agent, her husband, S. B. Kenyon, until March 1, 1885. The only sign used before and after the sale was "S. B. Kenyon, Agent." The defendant received no money at the time of the sale, taking a mortgage of the stock and fixtures sold to secure the payment of the purchase-money. The action is brought to recover for the use and occupation of the store during the months of December, 1884, and January and February, 1885, with a credit of $24 paid at some time. The defendant never at any time notified the plaintiff in writing of his intention to quit the premises, nor made any agreement with the plaintiff for the termination of the lease, nor did he deliver up the keys of the store to the plaintiff prior to March 1, 1885. The rent bills were made to the defendant during all the time to March 1, 1885, but the defendant's former agent, S. B. Kenyon, who was in charge of the store, informed the plaintiff, on or about June 1, 1884, that the defendant had disposed of his interest in the stock to his daughter, and requested the plaintiff to make the rent bills in future to Mrs. Kenyon, who would pay him. After stating the facts, the report concludes as follows: "If, under the above facts, the court is of the opinion that the lease has never been legally terminated, then I find that the plaintiff should have judgment for seventy-six dollars, with interest from the date of the writ and costs, otherwise there should be judgment for the defendant."

The alternative finding at the close of the report shows that the referee's general finding for the defendant was a conclusion of law and not of fact, based upon the assumption that, as matter of law, the lease was legally terminated before the rent sought to be recovered occurred. This was legal error, and the finding for the defendant cannot be sustained. The facts show no surrender or attempted surrender of the store by the defendant, or acceptance of it by the plaintiff, and the lease was not legally terminated. It does not appear that the information given by Kenyon to the plaintiff of the sale of the stock of goods to Mrs. Kenyon, and the request that the rent bills in future be made to her, was at the request of the defendant; and if such was the fact, it was not a sufficient notice to put an end to the tenancy. The defendant did not abandon the premises, nor surrender the possession to the plaintiff. Notice that he had sold his interest in the stock and fixtures, and that he wanted the rent bills made to the purchaser who was carrying on the business, was insufficient to terminate the tenancy without the assent of the plaintiff. By continuing to make the rent bills to the defendant after notice of the sale, as before, the plaintiff treated the tenancy as still subsisting, and the defendant as the party chargeable with the rent. The plaintiff is entitled to

*Judgment on the report.*

SMITH, J., did not sit: the others concurred.

*Cross & Taggart,* for the plaintiff.

*Sulloway, Topliff & O'Connor,* for the defendant.